UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

JOSEPH BRODIE,

Petitioner,

v.                                                          CASE NO.: 1:22-cv-3821-LGS

WARDEN WILLIAM S. PLILER,

Respondent

**REPLY TO THE RESPONDENT'S RESPONSE IN OPPOSITION TO THE PETITIONER'S PETITION FOR WRIT OF HABEUS CORPUS**

The Petitioner, Joseph Brodie, submits this Reply to the Respondent's Response (Document 13-main, 8 pages in length, filed 09/23/2022).

1. The Petitioner acknowledges the Respondents Declaration without objection to items 1. through 3.

2. The Petitioner acknowledges item 4a. - 4.f, Exhibit B, specifically noting the "Remarks" section of Document 13-2, page 1 of 3, filed 09/23/2022. Petitioner emphasizes the 02-07-2022 FSA/FTC and the Release Audit completion date of 2-11-2022.

3. With regard to item 2. above, the Petitioner continued to successfully program in "Needs-Based" FSA programming-continuously- between 02/12/2022 until June 1, 2022 at FCI-Otisville New York:

a. Petitioner's Exhibit A, FCI-OTV Unit Team dated 12-15-2021 indicates Brodie's FSA "Needs" on pages 2-3. It also identifies Needs-based programming already completed between February 24, 2020 until 12-15-2021. FCI-OTV did not conduct a subsequent Unit Team evaluation prior to Brodie's transfer to his RRC on 06/01/2022.

b. Petitioner's Exhibit A identifies "Needs" for mental health, medical, fitness, substance abuse, trauma, & work.

4. Petitioner submits Petitioner's Exhibit B, inmate education data transcript dated 03-28-2022, identifying Brodie completed a Vocational Training Program, a work-based Needs program fulfilling the identified work need.

5. The Petitioner submits SENTRY reflects successful completion of Needs-Based FSA Productive Activity "Service Fit" which began prior to 03-28-2022 and was completed on May 1, 2022.

6. The Petitioner submits SENTRY reflects successful participation in a Needs-Based FSA Productive Activity "Arthritis Foundation Walk with Ease" between May 1, 2022 until June 1, 2022 when Brodie departed FCI-OTV for his RRC.

7. The Petitioner submits Petitioner's Exhibit C, Federal Register / Vol. 87, No. 12 Wednesday, January 19th, 2022 / Rules & Regulations, Final Implementation of First Step Act programming: Pages 2707, 2711, 2712.

8. Petitioner's Exhibit C pages 2707 & 2711 specifically states:

**"Temporary interruptions in participation that are unrelated to an inmate's refusal to participate or other violation of programming requirements, or that are authorized by the Bureau, such when a recommended program or activity is unavailable or at full enrollment, will not affect the inmate's ability to earn Time Credits"**

& **Page 2712:**

**"Time credits for successful participation are awarded at the end of each thirty-day period"**

9. Petitioner's Exhibit D, 6 pages, are detailed communications between Brodie & Bureau staff regarding FSA programming requests and participation; page 1 indicates Brodie accumulated 14 hours of AA/NA (each) =28 hours of total programming at FCI-Cumberland Maryland between February 24, 2020 and June 24, 2021. Pages 2-5, are detailed communications between Brodie and FCI-Otisville New York FBOP staff regarding requests to be waitlisted for Needs-Based FSA programming complicated by multiple COVID-19 outbreaks and staff shortages.

10. Petitioner submits that item's 8. & 9. above indicate that Brodie –per the final FSA rule implementation- was not to be affected by staffing shortages & that COVID 19 related stoppages meet the criteria as outlined in Exhibit C.

11. Petitioner submits Petitioner's Exhibit F, Administrative Remedy Response from the Respondent, Warden W.S. Pliler dated May 11, 2022 confirming that no additional credits were calculated nor applied since February 7, 2022.

12. The Petitioner submits that he has demonstrated continuous programming in Needs-Based FSA programming & productive activities –**continuously-** between February 24, 2020 and May 31, 2022.

13. The Petitioner submits that COVID outbreaks, including Brodie's own multiple COVID infections, & staff shortages should not interrupt his "ability to earn time credits" per the final rule implementation.

14. The Petitioner submits that the total of days programming should be calculated as between February 24, 2020 & May 31, 2022 resulting in 827 days of FSA programming; divided by (30) days –per the Bureau's Affiant- results in 365 FTC credits with the remainder applied to with the remainder to be applied to pre-release custody (See Petitioner's Exhibit C, page 2712).

15. The Petitioner submits that the Bureau's Response in the Final Rule Implementation (See Petitioner's Exhibit C, 2712) also states that Brodie is eligible to receive FSA credits while in pre-release custody which the Burean defines as RRC & home confinement.

16. The Petitioner submits that the Bureau and Brodie's sentencing Court have documentation demonstrating Brodie's continued, successful participation in FSA Needs-Based mental health and substance abuse treatment beginning June 1, 2022 through the September 25, 2022.

17. The Petitioner objects to Item 8 of the Petitioner's Response; specifically,

"BOP *is in the process of creating and implementing an application* to fully automate calculation of FSA Time Credits..." and that "the interim procedures will remain in effect until the automated calculation application is completed and added to SENTRY"

18. The Petitioner submits Item 8 of the Petitioner's Response is incredibly vague and further evidence of the Bureau's stonewalling approach to the implementation of the final rule implementation; the Bureau delayed and obstructed the FSA implementation as reflected in the "COMMENT" section of Exhibit C [emphasis]. Congressman Hakeem Jeffries (D-NY) lambasted the Bureau for "undermining the intent of the law as (overwhelmingly) passed by Congress. Accordingly, the Petitioner submits that Brodie is being unfairly prejudiced by the Bureau.

19. In light of 18 above, The Petitioner submits objects to the Petitioner's Response Item 12 as characterizing "Brodie's release cannot be a 'moving target' because BOP requires time to effectively engage the inmate in prerelease preparation" on two separate grounds:

1. The BOP had 3 years, 1 month, and 1 day from the December 18, 2018 date and January 19, 2022

&

2. The BOP did not meet with Brodie to properly to ensure "prerelease preparation" specifically because the BOP was obligated to ensure Brodie's unit team and case manager met with him every 90 days (instead of the regular 6 months) because Brodie's release date was within 18 months –by their own "calculation" of his release date.

20. The Petitioner submits Petitioner's Exhibit E, Program Statement 5242.01 effective April 14, 2022; Brodie is a 100% service-connected disabled veteran due to his combat service as a machine gunner in the infantry in Iraq. Brodie was also a veteran of the United States Marine Corps (pre-9/11) prior to his combat enlistment with the United States Army. Brodie's unit team did not meet with him between April 14th and June 1st 2022 despite his repeated requests to do so for prerelease needs (See Petitioner's Exhibit D).

21. The Petitioner submits the Bureau was well-aware of Brodie's combat injuries and predicated the Needs-Based FSA programming recommendations on his military service; as such, the BOP failed to abide by this program statement. Consequently, the affidavits contention that pre-release preparation was a cause for stopping the accumulation of Brodie's continuous & ongoing FSA programming is disingenuous and inconsistent with its own expressed policy in multiple program statements.

22. The Petitioner objects to the FSA/FTC calculation i.e., "the Petitioner received a 'windfall' under the **interim** procedures in that they are neither an accurate representation of the Final Rule Implementation position nor do they reflect the intent of the law as passed. The 'windfall', unilaterally stopped Brodie's credit accumulation –in violation of the final rule implementation- without due process or cause and did not reflect the entirety of Brodie's programming efforts e.g., that Brodie earned 365 FTC instead of the 'windfall' of 345.

IN CONCLUSION the Petitioner, Joseph Brodie, submits that the Response in opposition to the Petition is neither based in reality nor consistent with the final rule implementation and intent of the legislation as passed. The interests of justice demand the Petitioner receive ALL credits <u>as earned</u>; the Respondent has not provided any evidence to undermine the Petitioner's Exhibits of continuous FSA Needs-Based programming. <u>The Respondent's failure to implement a system to calculate FSA/FTC credits –nearly (4) years since the passage of the legislation- should not be an avenue to unjustly burden the Petitioner.</u>

WHEREFORE, the Petitioner respectfully requests that this Honorable Court grant an ORDER consistent with the remedy sought by granting the additional 20 days of FSA credit as well as any other Relief it deems necessary to discourage the Respondent from further violations. The interests of justice and the

evidence presented demonstrate <u>the Petitioner has earned this credit and the Respondent has failed to meet the burden established in the Final Rule Implementation of the First Step Act.</u> If not, this argument will result in a slippery slope setting an example for others and an additional method for the Bureau to obstruct the will of Congress and The People who elected them to represent their wishes. The government cannot be a lawbreaker and to permit such undermines the appearance of fairness and integrity in our criminal justice system.

Respectfully submitted,

Joseph Brodie, Pro se Petitioner

Dated 25 September, 2022


Cc: USAO, electronic delivery